```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


KATHY WILSON,                    §
                                 §
     Plaintiff,                  §
                                 §
v.                               §   Civil Action No. H-13-3742
                                 §
CHICAGO BRIDGE & IRON,           §
                                 §
     Defendant.                  §
```

## MEMORANDUM AND RECOMMENDATION

Pending before the court are Plaintiff's Motion to Extend Statute of Limitations (Doc. 2) and Plaintiff's Motion to Request Court-Provided Service (Doc. 5).

Plaintiff filed this Title VII action on December 17, 2013, after receiving a Notice-of-Right-to-Sue letter on September 14, 2013.[1] That notice letter, dated September 5, 2013, informed Plaintiff that she was required to file suit within ninety days from the date she received the notice.[2] Ninety days from September 14, 2013, was Friday, December 13, 2013.

In her motion, Plaintiff blames a law firm's late declination of representation, the holiday season, the end-of-year closures of law schools and law firms, bad weather and illness for her inability to file this action on or before December 13, 2013.

Title 42 of the United States Code, Section 2000e-5(f)(1)

---

[1] See Doc. 1, Complaint p. 24.

[2] Id.

establishes a ninety-day deadline for filing suit following the issuance of a right to sue letter. The ninety-day filing requirement is not a jurisdictional prerequisite and is subject to equitable tolling. <u>Harris v. Boyd Tunica, Inc.</u>, 628 F.3d 237, 239 (5th Cir. 2010)(citations omitted).

In a Title VII action, there are three bases for equitable tolling of a limitations period: (1) a pending action between the parties filed in the wrong forum; (2) a plaintiff's unawareness of facts supporting a claim because the defendant intentionally concealed them; and (3) the Equal Employment Opportunity Commission's misleading the plaintiff about her rights. <u>Granger v. Aaron's, Inc.</u>, 636 F.3d 708, 712 (5th Cir. 2011). The Supreme Court has cautioned that equitable tolling is to be applied "sparingly." See <u>Granger</u>, 636 F.3d at 712 (citing <u>National R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 113 (2002)).

Plaintiff's allegations do not fall within any of these three recognized categories. Plaintiff's Motion to Extend Statute of Limitations (Doc. 2) is **DENIED**.

As it appears that this action was not timely filed, the undersigned **RECOMMENDS** that this action be **DISMISSED.** Plaintiff's motion for court-provided service of process (Doc. 5) is **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto

pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 27th day of January, 2014.

Nancy K. Johnson
United States Magistrate Judge