# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| KATHY WILSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-3742 |
| | § | |
| CHICAGO BRIDGE & IRON, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## MEMORANDUM & RECOMMENDATION

Pending before the court is the Magistrate Judge's Memorandum and Recommendation (Dkt. 8) (hereinafter "M&R") relating to plaintiff's motion to extend statute of limitations (Dkt. 2). The magistrate judge recommended that this cause be dismissed because plaintiff failed to file her complaint in a timely manner and did not present any valid reasons for equitably tolling the filing deadline.[1] Having reviewed the M&R, plaintiff's objections (Dkt. 14), and applicable law, the court OVERRULES plaintiff's objections and ADOPTS the Magistrate Judge's Memorandum & Recommendation in its entirety.

In her objections, plaintiff reiterates many of the same reasons rejected by the magistrate judge for failing to timely file her Title VII complaint. She further claims that she was unable to file her complaint within the requisite 90 days because of a fire alarm at the courthouse on the date of her filing deadline and incorrect information provided by an EEOC employee who advised plaintiff that there was a drop box to deliver filings after hours at the courthouse.

As noted in the M&R, the Fifth Circuit has recognized three bases for equitable tolling when a plaintiff fails to file suit within 90 days following the issuance of a right to sue letter from the

---

[1] In conjunction with the recommendation for dismissal, the magistrate judge also recommended that plaintiff's additional outstanding motion for court-provided services (Dkt. 5) be denied.

EEOC. *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011); *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010). Specifically, equitable tolling may apply in the following situations: (1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights. *Granger*, 636 F.3d at 712. Equitable tolling should only be applied "sparingly." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S. Ct. 2061 (2002). And, plaintiff bears the burden to provide justification for equitable tolling. *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995) (per curiam).

None of the reasons proffered by plaintiff fall within the circumstances recognized by the Fifth Circuit for equitable tolling. Plaintiff maintains that the court should extend the time limitation for filing her lawsuit on the third basis cited in *Granger* because the EEOC provided misinformation about the drop box at the courthouse. However, this information does not pertain to the nature of her rights, which were fully and accurately described in the right to sue letter. The court agrees with the magistrate judge that the plaintiff has not presented any justifiable reason for tolling the time limitation in this case.

Therefore, the court **ADOPTS** the M&R (Dkt. 8) in its entirety, and all of plaintiff's claims against defendant are hereby **DISMISSED WITH PREJUDICE**. All other pending motions (Dkts. 9, 13) are denied as moot. The court will enter a final judgment consistent with this opinion.

It is so **ORDERED**.

Signed at Houston, Texas on March 3, 2014.

_____
Gray H. Miller
United States District Judge

2